Dohoney, J.
The plaintiff Joanna Gallant (hereinafter referred to as Gallant) sued the defendant Edward R. Giambrocco, d/b/a (hereinafter referred to as Giambrocco) formisrepresentation in the sale ofa used Iincoln motor vehicle. The defendant denied any misrepresentation and filed a Motion for Summary Judgment. Both parties filed Affidavits. The Trial Justice heard the motion and granted summary judgment for Gallant on the issue of liability. Giambrocco filed a Motion for Reconsideration. The Trial Justice denied this motion.
The Affidavit of Giambrocco states that he has been in the auto sales business for many years and that he purchased the Iincoln at an automobile auction. He further states that the documents of sale contained certifications to the effect that the odometer reading of 51,276 was correct. He further states that he subsequently *45 showed the vehicle to the husband of the plaintiff, and that he
told Mr. Gallant that the odometer reading was 51,276 when I purchased it, and I told him that I had not altered the odometer since I purchased it.
The Affidavit of Joanna Gallantis somewhat different. She states that Giambrocco told her that the vehicle had been purchased from “a little old lady in New Jersey who had a wheelchair and didn't drive much,” and that she
specifically asked Edward R. Giambrocco if the odometer reading was original and he told me that it was.
Giambrocco responded with a Supplementary Affidavit that states
I had no conversation with Joanna... about any details concerning the subject motor vehicle . .. (T)here was no discussion about odometer readings or the previous ownership of the vehicle by ‘a little old lady in New Jersey who had a wheel chair and did not drive too much’
I specifically deny the allegations set forth in Mrs. Gallant's statement in Paragraph 3,5... (relating to the lady in New Jersey and the statement that Giambrocco said the odometer reading was original)
The Trial Justice then granted summary judgment for Gallant on the issue of liability and set the matter for a hearing on damages. The Trial Justice stated
The facts are not in dispute as to the actions of the defendant. He sold a motor vehicle with an incorrect odometer reading. There existed a record in the Registry of Motor Vehicles easily available to Giambrocco showing the actual mileage of the vehicle at 91,000 miles. The stated odometer reading was 51,276.
Giambrocco then filed his Motion for Reconsideration with an affidavit of a Title Review Officer of the Registry of Motor Vehicles to the effect that the records of the RegistiywouldnothavebeenavailabletoGiambroccowhenhesoldthevehicle. The standard for review on a motion for summary judgment is concisely set forth in Carney v. Springfield, 403 Mass. 604, 605 (1988) as follows:
The test whether a motion for summary judgment should be allowed is twofold: (1) whether after consideration of the pleadings, depositions, answers to interrogatories, and affidavits, a genuine issue of material fact exists; and (2) whether the moving party is entitled to judgment as a matter of law.
We must of course recognize that summary judgment is not limited to the moving party. Mass. Rule Civ. Proc., Rule 56(c).
Odometer tampering cases generally present four areas of possible relief to a victim. See ALPERIN AND CHASE, CONSUMER RIGHTS AND REMEDIES, 36 Mass. Pract. Series, Sections 425-427 (1979 & Supp. 1989). The first remedy is a common law action for misrepresentation. The second and third remedies are created by 15 U.S.C. 1989 (the federal odometer tampering law) and by G.L.M. Chapter 266, Section 141 (the Massachusetts odometer tampering law). These remedies are discussed extensively in Commonwealth v. Colonial Motor Sales, Inc., 11 Mass. App. Ct. 800 (1981). Lastly, a consumer might bring an action under G.L.M. Chapter 93A based upon a violation of G.L.M. Chapter 266, Section 141 or based upon a violation of 940 C.M.R. 3.05(1) or 940 C.M.R. 3.16(2). Our complaint is based solely on misrepresentation.
The affidavits here present a genuine issue of material fact If Gallant is to be believed, Giambrocco told her that the odometer was original. It apparently was not. This could certainly sustain a claim for misrepresentation. However, if Giam-brocco is to be believed, he never told her the odometer was original but did say that51,276wasthereadingwhenhepurchaseditandthathehadnotalteredit.This maybe true, and thus misrepresentation would notlie if he did notknow or have any reason to know of the discrepancy. The affidavits are silent as to any knowledge or reason to have knowledge by Giambrocco. Thus there is agenuine issue of material fact as to what was represented that can only be resolved at trial.
*46 Thus the Report is Allowed and the Judgment entered for Gallant on the issue of liability is vacated and the matter is remanded to the Clinton Division for Trial.